IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE BAACKE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 07-624 |

AMBROSE, Chief District Judge

## Synopsis

Pending before the Court are Cross Motions for Summary Judgment. (Docket Nos. 8 and 12). Both parties have filed briefs in support of their Motions. After analysis of the submissions of the parties, and based upon my opinions as set forth below, I am denying Plaintiff's Motion for Summary Judgment (Docket No. 8) and granting in part and denying in part Defendant's Motion for Summary Judgment (Docket No. 12).

## Opinion and Order of Court

**I.      Background**

Plaintiff has brought this action under 42 U.S.C. §405(g) and §1383(c)(3) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under titles II and XVI, respectively, of the Social Security Act. 42 U.S.C. §§401-433, 1381-1383(f). In October of 2004, Plaintiff applied for DIB and SSI alleging disability as of April 24, 2004, due to nerves. (R. 56-58, 76). The claim was denied and, subsequently, Administrative Law Judge Douglas W. Abruzzo ("ALJ") held a hearing on February 27, 2006, at which time Plaintiff, who was represented by counsel, and a vocational expert both testified. (R. 209-241). On September 29, 2006, the ALJ

issued a decision finding that Plaintiff was not disabled. (R.12-20).

Plaintiff filed a timely appeal with the Appeals Council. (R. 8). The Appeals Council denied her appeal. (R. 4-6). Plaintiff then timely filed this action. (Docket No. 1).

The parties have filed cross motions for summary judgment. (Docket Nos. 8 and 12). Plaintiff only raises the following issue on appeal: "Whether the Claimant, Florence Baacke, filed her appeal to the Appeals Council in a timely manner." (Docket No. 8, p. 7).

## II. <u>Legal Analysis</u>

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the Plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a).

The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

### B. Timeliness of Appeal to Appeals Counsel

Plaintiff argues that she filed her appeal timely to the Appeals Council and that the case should be remanded for a review on the merits. (Docket No. 8, pp. 7-10). A review of the record reveals, and Defendant agrees (Docket No. 13, pp. 3, 8-9), that the Appeals Council considered her appeal to be timely (R. 4-6) and its decision to deny Plaintiff's request for review was a substantive determination. *See,* 20 C.F.R. §404.970. Plaintiff has timely filed her appeal in this Court. (Docket No. 3). Consequently, I find there has been no error in the administrative process, which Plaintiff has exhausted, and Plaintiff has not suffered a denial of due process. Therefore, Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted in this regard.

Plaintiff, however, devoted her entire brief to the timeliness issue and did not set forth the

3

merit issues with regard to the decision of the ALJ. (Docket No. 8). Defendant, on the other hand, further moved for summary judgment asserting that the decision of the ALJ is supported by substantial evidence. (Docket No. 13, pp. 9-14). As a result, I am going to deny Defendant's Motion for Summary Judgment (Docket No. 12) in this regard as premature and permit the filing of Second Cross Motions for Summary Judgment such that the merit issues are fully briefed and ripe for review by this Court.[1]

---

[1] While I have a Chambers Rule against incorporation of previous briefs, given the unusual nature of this action, I will permit Defendant to incorporate any portion of its brief at Docket No. 13, in its Second Motion for Summary Judgment and Brief in Support.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FLORENCE BAACKE, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 07-624
)
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

# ORDER OF COURT

AND now, this 14th day of February, 2008, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted with respect to the timeliness issue and denied, as premature, on the merits.

Plaintiff is ordered to filed a "Second Motion for Summary Judgment" on the merits and Brief in Support of the same on or before March 7, 2008. Defendant is ordered to file a "Second Cross Motion for Summary Judgment" on the merits and Brief in Support of the same on or before March 28, 2008.

BY THE COURT:

/s/ Donetta W. Ambrose
   Donetta W. Ambrose,
   Chief U.S. District Judge