IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FLORENCE BAACKE,           )
                           )
        Plaintiff,         )
                           )
    -vs-                   )
                           ) Civil Action No. 07-624
                           )
COMMISSIONER OF SOCIAL SECURITY, )
                           )
        Defendant.         )

AMBROSE, Chief District Judge.

### Synopsis

Pending before the Court are Second Cross Motions for Summary Judgment. (Docket Nos. 15 and 17). Both parties have filed briefs in support of their Motions. After analysis of the submissions of the parties, and based upon my opinions as set forth below, Plaintiff's Second Motion for Summary Judgment (Docket No. 15) is denied and Defendant's Motion for Summary Judgment (Docket No. 17) is granted.

### Opinion and Order of Court

**I.     Background**

Plaintiff has brought this action under 42 U.S.C. §405(g) and §1383(c)(3) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under titles II and XVI, respectively, of the Social Security Act. 42 U.S.C. §§401-433, 1381-1383(f). In October of 2004, Plaintiff applied for DIB and SSI alleging disability as of April 24, 2004, due to nerves. (R. 56-58, 76). The claim was denied and, subsequently, Administrative Law Judge Douglas W. Abruzzo ("ALJ") held a hearing on February 27, 2006, at which time Plaintiff, who was represented

by counsel, and a vocational expert both testified. (R. 209-241). On September 29, 2006, the ALJ issued a decision finding that Plaintiff was not disabled. (R.12-20).

Plaintiff filed a timely appeal with the Appeals Council. (R. 8). The Appeals Council denied her appeal. (R. 4-6). Plaintiff then timely filed this action. (Docket No. 1).

The parties filed cross motions for summary judgment. (Docket Nos. 8 and 12). The only issue raised by Plaintiff in her first Motion was "[w]hether the Claimant, Florence Baacke, filed her appeal to the Appeals Council in a timely manner." (Docket No. 8, p. 7). I denied Plaintiff's Motion for Summary Judgment and granted Defendant's Motion for Summary Judgment in this regard. (Docket No. 14). Plaintiff, however, devoted her entire brief to the timeliness issue and did not set forth any argument on the merits. (Docket No. 8). As a result, I denied Defendant's Motion for Summary Judgment (Docket No. 12) in this regard as premature and permitted the filing of Second Cross Motions for Summary Judgment on the merits. (Docket No. 14). The parties have filed Second Cross Motions for Summary Judgment. (Docket Nos. 15 and 17). The case is now ripe for review on the merits.

## II.     Legal Analysis

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v.*

*Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the Plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B.      **Weight given to Dr. Fernan**

Essentially, Plaintiff argues that the ALJ did not give proper weight to Dr. Fernan's medical report. (Docket No. 15, p. 7). After a review of the record, I disagree. To begin with, the ALJ gave weight to Dr. Fernan's report by limiting Plaintiff to simple, routine, repetitive work of an unskilled nature without production requirements or more than simple work-related decisions. (*Compare* R. 125 *with* R. 15). While it is true that the ALJ gave little weight to Dr. Fernan's "marked" and "moderate" limitation assessments, I find no error since the assessments were made by Dr. Fernan prior to undergoing any counseling. (R. 127-128). The records indicate that Plaintiff responded to her treatment. (R. 146-152; 175-183).

Moreover, I find that there is substantial evidence to support the ALJ's finding that Plaintiff could perform a limited range of medium work. (R. 146-152, 154, 175-183, 188, 189). Consequently, the ALJ did not err in this regard.

C.      **Daily Activities**

Additionally, Plaintiff appears to argue, in one sentence, that the ALJ erred in improperly considering Plaintiff's daily activities. (Docket No. 15, p. 4). I disagree. Performance of daily activities is a proper factor to consider. 20 C.F.R. §416.929; 20 C.F.R. §404.1529. Consequently, I find no error in this regard.

D.      **Vocational Expert**

Plaintiff argues that the ALJ did not include all of her limitations in his hypothetical questions to the vocational expert. (Docket No. 15, p. 8). Again, after a review of the record, I disagree. The ALJ included those limitations that were supported by substantial evidence. (R. 154, 175-183, 188, 189). An ALJ is not required to accept the hypothetical question posed by a plaintiff's counsel to the vocational expert, but only that question which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir.1984)*; Chrupcala v. Heckler,* 829 F.2d 1269,

1276 (3d Cir. 1987); *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1986)(an ALJ may reject hypothetical questions by Plaintiff's attorney that are more restrictive than his own). Consequently, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FLORENCE BAACKE, )
)
    Plaintiff, )
)
-vs- )
) Civil Action No. 07-624
)
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND now, this 1st day of April, 2008, it is ordered that Plaintiff's Second Motion for Summary Judgment (Docket No. 15) is denied and Defendant's Second Motion for Summary Judgment (Docket No. 17) is granted.

                                                                     BY THE COURT:

                                                /s/ Donetta W. Ambrose
                                                      Donetta W. Ambrose,
                                                      Chief U.S. District Judge